**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000064
18-JAN-2013
08:14 AM**

NO. CAAP-11-0000064

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PHILLIP DEJESUS DELEON, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1237)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Phillip DeJesus DeLeon (DeLeon)
appeals from the December 15, 2010 Amended Judgment of Conviction
and Sentence (Amended Judgment) of the Circuit Court of the First
Circuit[1] (circuit court), convicting DeLeon of Murder in the
Second Degree, as to Shawn Powell (Powell), in violation of
Hawaii Revised Statutes (HRS) §§ 707-701.5 (1993 Repl.) and 706-
656 (Supp. 2012) (Count II); Reckless Endangering in the First
Degree, in violation of HRS § 707-713 (1993 Repl.), as to Justin
Gamboa (Count III);[2] Carrying or Use of Firearm in the Commission

---

[1]  The Honorable Virginia L. Crandall presided.

[2]  A December 7, 2010 judgment incorrectly stated that DeLeon had been
convicted as charged of Attempted Murder in the Second Degree as to Count III,
rather than the lesser included offense of Reckless Endangering in the First
Degree.  On December 15, 2010, the circuit court filed the Amended Judgment
that corrected the mistake.  DeLeon's Notice of Appeal was filed after the
Amended Judgment.  Although the Notice of Appeal referenced the December 7,
(continued...)

of a Separate Felony, in violation of HRS §§ 134-21 (2011 Repl.), 707-701.5, and 706-656, as to Count II (Count IV); Carrying or Use of Firearm in the Commission of a Separate Felony, in violation of HRS §§ 134-21, 705-500 (1993 Repl.), 707-701.5, and 706-656, as to Count III (Count V); Reckless Endangering in the First Degree, in violation of HRS § 707-713, as to Jermaine Beaudoin and/or Lane Akiona (Count VII); and Ownership or Possession Prohibited of Any Firearm or Ammunition by a Person Indicted for Certain Crimes, in violation of HRS § 134-7(b) and (h) (2011 Repl.) (Count VIII).

DeLeon raises the following points of error on appeal:

(1) DeLeon's defense counsel provided ineffective assistance of counsel by failing to establish Powell's recent cocaine ingestion;

(2) the circuit court's self-defense instruction, based on Hawai'i Standard Jury Instructions Criminal (HAWJIC) Instruction 7.01, which omitted the language of HRS § 703-304(3) (1993 Repl. and Supp. 2012), failed to completely and properly instruct the jury on the law of self-defense;

(3) the circuit court erroneously refused to instruct the jury on extreme mental or emotional disturbance (EMED) Manslaughter, as a mitigating circumstance in Count II; and

(4) the circuit court wrongfully convicted and sentenced DeLeon as to Count V because the jury convicted him in Count III of the included offense of Reckless Endangering in the First Degree under HRS § 707-713, an offense which is excluded under HRS § 134-21(a)(2).

---

[2] (...continued)
2010 judgment, "a mistake in designating the judgment . . . should *not* result in loss of the appeal as long as *the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.*" State v. Bohannon, 102 Hawai'i 228, 235, 74 P.3d 980, 987 (2003) (citation omitted); see also Rule 3(c)(2) of the Hawai'i Rules of Appellate Procedure. Here, both parties addressed the appeal based on the Amended Judgment and the State was not misled by the mistake in the Notice of Appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, we resolve DeLeon's appeal as follows:

(1) DeLeon argues that his trial counsel provided ineffective assistance of counsel by failing to establish that Powell ingested cocaine prior to the shooting. When reviewing an ineffective assistance of counsel claim, we look at "whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases." State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (internal quotation marks and citation omitted).

> The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

Id. at 514, 78 P.3d at 327 (quotation and citation omitted).

First, DeLeon points to counsel's "failure to move the court to rule on the admission of the cocaine evidence at least in advance of Dr. [William] Goodhue's testimony, as this error or omission resulted in the loss of a critical opportunity to apprise the jury of that evidence." DeLeon asserts, along these lines, that the defense lost the opportunity to cross-examine any of the prosecution witnesses about cocaine in Powell's body. Second, DeLeon points to counsel's "failure to direct Dr. [Clifford] Wong to present his retrograde cocaine extrapolations and explain his opinion that Powell was impacted by the substances during the [Hawai'i Rules of Evidence, Rule] 104 hearing, even after prompting by the court." DeLeon contends this error resulted in the lost opportunity for Dr. Wong to introduce this evidence and his opinion before the jury.

DeLeon fails the first prong of <u>Wakisaka</u> in that he fails to demonstrate how the two alleged errors are in fact "errors or omissions reflecting counsel's lack of skill, judgment, or diligence[.]" <u>Id.</u> To the extent DeLeon argues that trial counsel should have sought to have the cocaine evidence admitted during the State's case, that was a decision of trial strategy and "[d]efense counsel's tactical decisions at trial generally will not be questioned by a reviewing court." <u>State v. Silva</u>, 75 Haw. 419, 441, 864 P.2d 583, 593 (1993) (citation omitted).

To the extent that DeLeon suggests that Dr. Goodhue's testimony could have provided the foundation for Dr. Wong's testimony, DeLeon fails to provide any indication that Dr. Goodhue had such information, or would have testified as to such information. <u>Cf.</u> <u>State v. Richie</u>, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) ("Ineffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses.") (citations omitted). In this regard, Dr. Wong testified that he would need further information to provide a more definite opinion as to whether Powell was impaired by cocaine at the time of the shooting. There is no evidence that Dr. Goodhue could provide the information that Dr. Wong needed.

To the extent DeLeon contends that trial counsel failed during the HRE Rule 104 hearing to direct Dr. Wong to present his retrograde cocaine extrapolations and explain his opinion that Powell was impacted by cocaine and alcohol, the transcript for the hearing reveals that there were no specific errors or omissions reflecting counsel's lack of skill, judgment or diligence. Trial counsel elicited extensive testimony from Dr. Wong regarding his opinions related to the impact of alcohol and cocaine on Powell. Moreover, trial counsel had submitted as

an exhibit Dr. Wong's letter dated August 9, 2010, which contained Dr. Wong's retrograde extrapolation of Powell's blood cocaine concentration at the time of the shooting. The transcript from the HRE Rule 104 hearing, as well as the transcript from a September 3, 2010 hearing on motions in limine, establish that the circuit court had clearly reviewed the letter and referenced it during the hearings.

In addition to the above, DeLeon has failed to establish the second prong of Wakisaka, that the errors or omissions he alleges were made by trial counsel resulted in the withdrawal or substantial impairment of a potentially meritorious defense. 102 Hawai'i at 514, 78 P.3d at 327. DeLeon has not produced any evidence that having the HRE Rule 104 hearing prior to Dr. Goodhue's testimony could have resulted in a ruling allowing admission of the cocaine evidence. Moreover, DeLeon raises no direct challenge to the circuit court's ruling that the cocaine evidence was inadmissible and that Dr. Wong's opinion regarding whether Powell was under the influence of cocaine at the time of the shooting was unreliable and thus inadmissible.

Deleon's claims of ineffective assistance of trial counsel thus lack merit.

(2) DeLeon contends that the circuit court's jury instructions on self-defense, which mirrored HAWJIC 7.01 (2008), in effect at the time, failed to correctly and completely state the law of self-defense because the instructions contained none of the language in HRS § 703-304(3) advising the jury that "a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, . . . doing any other act which he has no legal duty to do, or abstaining from any lawful action;" and therefore the circuit court "incompletely instructed the jury on how to consider self-defense by precluding it from

understanding that DeLeon was entitled to estimate the necessity of his use of force."

DeLeon's point of error in this regard is specific to his conviction in Count II, Murder in the Second Degree, for the shooting of Powell. As to Count II, DeLeon's use of deadly force is in question.

As is the case here, where an appellant did not object to jury instructions below, the appellant must first demonstrate instructional error by rebutting the "presumption that unobjected-to jury instructions are correct[.]" State v. Nichols, 111 Hawai'i 327, 337 n.6, 141 P.3d 974, 984 n.6 (2006). Because DeLeon cannot demonstrate instructional error, we need not address the State's argument that any such error was harmless.

To the extent that DeLeon's argument is that the instructions should have included the language in HRS § 703-304(3) that "a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used[,]" the instruction provided by the circuit court was not erroneous. In this regard, the self-defense instructions in this case advised the jury to consider DeLeon's self-defense claim "from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be." This language is essentially identical to the instruction given in State v. Augustin, 101 Hawai'i 127, 63 P.3d 1097 (2002), which also was based on HAWJIC 7.01. In Augustin, the Hawai'i Supreme Court held that the instruction in that case was "fully consonant with the controlling statutory and case law of this state." Id. at 127, 63 P.3d at 1097. Thus, DeLeon's arguments in this regard lack merit.

To the extent DeLeon's argument is that the retreat language in HRS § 703-304(3) should have been included in the jury instructions, this argument also lacks merit. HRS § 703-304(3) expressly provides an exception for the circumstances addressed in subsection (5), which deals with the use of deadly force. HRS § 703-304(3) states that:

> [e]xcept as otherwise provided in subsections (4) and (5) of this section, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action.

(Emphasis added). In turn, HRS § 703-304(5) states in relevant part that:

> [t]he use of deadly force is not justifiable under this section if . . . [t]he actor knows that he can avoid the necessity of using such force with complete safety by retreating or by surrendering possession of a thing to a person asserting a claim of right thereto or by complying with a demand that he abstain from any action which he has no duty to take[.]

(Emphasis added). While HRS § 703-304(3) states generally that protective force may be used without retreating, HRS § 703-304(5) provides specifically that an actor has the duty to retreat before using deadly force if the actor knows that he can avoid using deadly force with complete safety by retreating. Thus, the instructions were not erroneous because they properly instructed the jury as to the requirements for retreating in regards to the use of deadly force in Count II.

(3) DeLeon argues that the circuit court erroneously refused to instruct the jury on EMED Manslaughter, as a mitigating circumstance in Count II (Second Degree Murder). DeLeon objected to the lack of an EMED instruction before the trial court. When the omission of jury instructions is challenged on appeal, the issue is whether, when read and considered as a whole, the instructions given were prejudicially insufficient, erroneous, inconsistent, or misleading. See State

v. Gonsalves, 108 Hawai'i 289, 292-93, 119 P.3d 597, 600-01 (2005).

> HRS § 707-702(2) (Supp. 2012) provides:
>
> In a prosecution for murder or attempted murder in the first and second degrees it is an affirmative defense, which reduces the offense to manslaughter or attempted manslaughter, that the defendant was, at the time the defendant caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a reasonable person in the circumstances as the defendant believed them to be.

In State v. Sawyer, the Hawai'i Supreme Court explained that an EMED instruction is warranted if the record reflects any evidence of a subjective nature that the defendant acted under a loss of self control resulting from an extreme mental or emotional disturbance, stating:

> We have stated that "the defendant must satisfy a subjective/objective test" in proffering a "reasonable explanation" in accordance with HRS § 707-702(2). *Kaiama,* 81 Hawai'i at 26, 911 P.2d at 746 (citing *State v. Seguritan,* 70 Haw. 173, 174, 766 P.2d 128, 129 (1988)); *see also Russo,* 69 Haw. at 78, 734 P.2d at 159. First, in satisfying the subjective portion, the record must reflect the circumstances as the defendant believed them to be. Second, in satisfying the objective portion, the record must support "a reasonable explanation or excuse for the actor's disturbance." *Kaiama,* 81 Hawai'i at 26, 911 P.2d at 746 (quoting *Russo,* 69 Haw. at 77-78, 734 P.2d at 159).
>
> Much confusion has arisen over whether the court or the jury determines the reasonableness of the defendant's explanation or excuse. We hold that the trial court determines whether or not the record reflects *any* evidence of a subjective nature that the defendant acted under a loss of self-control resulting from extreme mental or emotional disturbance. If the record does not reflect *any* such evidence, then the trial court shall properly refuse to instruct the jury on EMED manslaughter. However, if the record reflects *any* evidence of a subjective nature that the defendant acted under the influence of extreme mental or emotional disturbance, then the issue must be submitted to the jury, and the trial court should instruct the jury on EMED manslaughter. The jury then decides whether or not the prosecution has disproved the mitigating EMED manslaughter defense beyond a reasonable doubt.

88 Hawai'i 325, 333, 966 P.2d 637, 645 (1998) (underline emphasis added).

DeLeon did not testify at trial.  The only evidence in the record that DeLeon points to in arguing that the subjective prong of the test is satisfied is the testimony of Joe Chang (Chang) regarding an incident at Club Seven.  DeLeon argues that Chang's testimony showed "that after Powell put his arm around DeLeon, [DeLeon] was false-cracked in the midst of a nightclub of strangers for no reason by another stranger who turned out to be with Powell's group, and then warned by Chang in no uncertain terms to 'get the hell out of [there].'"  Notwithstanding Chang's testimony, DeLeon fails to point to "any evidence of a subjective nature that the defendant acted under a loss of self control resulting from extreme mental or emotional disturbance."  Sawyer, at 333, 966 P.2d at 645.

Additionally, there is no evidence that DeLeon was under the influence of EMED during the shooting in the parking lot of Seoul Karaoke, or in other words "at the time the defendant caused the death of the other person[.]"  HRS § 707-702(2); See State v. Aganon, 97 Hawai'i 299, 304, 36 P.3d 1269, 1274 (2001) (testimony by a witness that the defendant, on a different occasion, threatened the witness and got really angry was extraneous); State v. Moore, 82 Hawai'i 202, 210-11, 921 P.2d 122, 130-31 (1996) (testimony that the defendant was agitated, nervous, frantic, and anxious at the time of his arrest did not support an EMED instruction); State v. Pavich, 119 Hawai'i 74, 88-89, 193 P.3d 1274, 1288-89 (App. 2008).

The circuit court thus did not err in refusing to give an EMED instruction.

(4) DeLeon argues that the circuit court wrongly convicted and sentenced him as to Count V.  As to Count V, the jury found DeLeon guilty of Carrying or Use of Firearm in the Commission of a Separate Felony (with respect to Count III).  As to Count III (originally attempted murder in the second degree), the jury found DeLeon guilty of the offense of reckless

9

endangering in the first degree under HRS § 707-713, an offense which is excluded under HRS § 134-21(a)(2). HRS § 134-21(a)(2) provides in relevant part:

> **[§134-21] Carrying or use of firearm in the commission of a separate felony; penalty.** (a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use a firearm while engaged in the commission of a separate felony, whether the firearm was loaded or not, and whether operable or not; provided that a person shall not be prosecuted under this subsection when the separate felony is:
>
> . . .
>
> (2)   The felony offense of reckless endangering in the first degree under section 707-713[.]"

(Emphasis added).

The State concedes that the circuit court erred in convicting DeLeon of Count V and requests that this court reverse the Count V conviction and vacate the Count V sentence. We agree with the State's concession. Under the provisions of HRS § 134-21(a)(2), the circuit court's conviction and sentence as to Count V is not authorized and we therefore reverse the Count V conviction and vacate the accompanying sentence.

Therefore,

IT IS HEREBY ORDERED that the December 15, 2010 Amended Judgment of the Circuit Court of the First Circuit is reversed as to the Count V conviction and the sentence related to Count V is vacated. The Amended Judgment is affirmed in all other respects.

DATED:  Honolulu, Hawai'i, January 18, 2013.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge